## JOHN SCHWEYER

### v.

## JOHN ANSTETT.

MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—The principal item for which judgment was rendered was $100, claimed to have been loaned to appellant. Upon this point appellee testified that he gave appellant the check of third parties for that amount, which appellant afterwards endorsed, and procured to be cashed, and retained the money. This appellant denied. On a motion for new trial, appellant offered to show, by proper affidavits, that the check was in fact loaned to another party, and admissions of appellee that he had loaned such party money, and also produced the check in evidence, showing that there was no endorsement thereon by appellant, and that he did not know of such evidence at the time of the trial. Held, that such testimony was vital to appellant's rights, and presented sufficient grounds for a new trial.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. MONROE & LEDDY, for appellant; contended that where a party has been vigilant in preparing for trial, and is taken by surprise by evidence that could not be anticipated, such evidence contributing to an unfavorable verdict, he will be entitled to a new trial, and cited Holbrook v. Nichol et al. 36 Ill. 161; Goldstein v. Lowther, 81 Ill. 396; 3 Graham and Waterman on New Trials, 952.

That the evidence offered was not cumulative: 1 Greenleaf on Ev. § 2; 3 Graham and Waterman on New Trials, 1046; Martin v. Ehrenfels, 24 Ill. 187; Parker v. Hardy, 24 Pick. 246; Glidden v. Dunlop, 28 Me. 379; Bradish v. State, 35 Vt. 452; Gardner v. Mitchell, 6 Pick. 114; Kane et al. v. Burns et al. 2 Smede & M. 313; Vardeman et al. v. Byrne et al. 7 How. 365; Grubb v. Kalb, 37 Ga. 459; Chatfield v. Lathrop, 6 Pick. 417; Wilder v. Greenlee et al. 49 Ill. 253; Goldstein v. Lowther, 81 Ill. 399; C. & St. L. R. R. Co. v. Schumacker, 77 Ill. 583

Mr. WILLIAM M. STANLEY, for appellee; that the evidence offered, as shown by appellant, is not sufficient ground for a new trial, cited Martin v. Ehrenfels, 24 Ill. 187; Emory v. Addis, 71 Ill. 273; Cowan v. Smith, 35 Ill. 416; Ray v. Bell, 24 Ill. 444; Frizell v. Cole, 29 Ill. 465; 1 Greenleaf on Ev. § 204; R. R. I. & St. L. R. R. Co. v. Rose, 73 Ill. 183; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Wright v. Gould, 73 Ill. 56; Crozier v. Cooper, 14 Ill. 139.

MURPHY, P. J. We have examined the record in this case, and given consideration to the points made by the appellant, and are not satisfied with the result of the trial in the court below. It was an action of assumpsit in the County Court of Cook county by the appellee against the appellant, the declaration containing the common counts only. The trial in that court resulted in a verdict and judgment against appellant for $175 and costs. Appellant made a motion for a new trial on the ground of newly discovered evidence; in support of which he submitted three affidavits—his own, and those of Henry Leeb and William Haisch. The motion was overruled and judgment rendered on the verdict, to which appellant excepted, and prayed an appeal to this Court, and assigns for error the overruling of said motion.

On the trial in the court below, the principal item in controversy was $100, alleged by appellee to have been loaned to appellant September 22, 1874. Appellee testifies that on that day Messrs. Sternenburg & Leeb, business men in Chicago, owed him $100, which he had previously placed in their hands

Schweyer v. Anstett.

for safe keeping; that they gave him a check for that sum on the First National Bank of Chicago; that he indorsed it over to appellant, who drew the money on it.

This the appellant denies, and testifies apparently with equal truthfulness that he never received the check nor the $100 thus charged to him. Since the trial the appellant has found the check and attaches the same to his affidavit in support of his motion for a new trial; from which it appears to have been drawn by Sternenburg and Leeb, and payable to appellee or bearer, and is not endorsed by him. From which facts we think the inference quite irresistible that appellee is mistaken in his testimony, and that the check was paid to himself. This view is strongly corroborated by the affidavit of Henry Leeb; that on the 22d day of September, 1874, the appellee came to him and told him he wanted the $100 so left with his firm, to loan to one Fred Schmith, to help him start in the saloon business, and that said Leeb then and there drew the check of his firm, and delivered the same to the appellee.

It is shown by the affidavit of Haish that appellee subsequently admitted that he had loaned Schmith $150.00. This testimony we think vital to the rights of the appellant, who, by his own affidavit, shows that at the time of the trial he was ignorant of, which we think, makes a much stronger case for a new trial than was made in the case of Goldstein v. Lowther, 81 Ill. 399. And in that case the Supreme Court was of opinion that it was error to deny the motion for new trial. Under the authority of that case, which we concede to be a material modification of the holding of that court on this question, we think the motion for a new trial should have been sustained, and that it was error to refuse it.

For which error the judgment of the court below is reversed and cause remanded.

Judgment reversed.